Guy S. ALTOBELLO,
Plaintiff–Appellant,

v.

BORDEN CONFECTIONARY PROD-
UCTS, INC., Defendant–Appellee.

No. 88–2315.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 13, 1989.

Decided April 14, 1989.

Rehearing and Rehearing En Banc
Denied June 8, 1989.

L. Steven Platt, Arnold and Kadjan, Chi-
cago, Ill., for plaintiff-appellant.

Linzey D. Jones, Sidley and Austin, Chi-
cago, Ill., for defendant-appellee.

Before WOOD, Jr., POSNER and
COFFEY, Circuit Judges.

POSNER, Circuit Judge.

Guy Altobello brought this suit against
his former employer, Borden, charging that
Borden had fired him because of his age, in
violation of the Age Discrimination in Em-
ployment Act, 29 U.S.C. §§ 621 *et seq.* The
jury brought in a verdict for the defendant
at the end of a five-day trial. The evidence
at trial had been in sharp conflict, with
Borden presenting evidence that it had
fired Altobello because he was a malinger-
er, and Altobello responding with evidence
that his alleged malingering was merely
the pretext for a discharge motivated by
his age. The only issue on appeal that
merits discussion is Altobello's claim that
the district court erred in allowing Borden
to impeach his credibility as a witness by
asking him on the stand: "Mr. Altobello, in
1978 [ten years before the trial] you were
convicted of the crime of tampering with
electric meters of Commonwealth Edison,

weren't you?"—to which Altobello had replied, "Yes."

Rule 609(a)(1) of the Federal Rules of Evidence allows a witness to be impeached by proof that he has been convicted of a felony, provided the district court "determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant." Rule 609(a)(2)—the provision applicable to this case—allows the witness to be impeached by proof that he was convicted of a crime that "involved dishonesty or false statement, regardless of the punishment," i.e., regardless of whether it was a felony or a misdemeanor. Altobello's conviction of meter tampering was a misdemeanor conviction, and therefore admissible if at all only under Rule 609(a)(2).

■ At trial Altobello argued that the conviction should be excluded under Fed.R. Evid. 403, which directs the exclusion of evidence the prejudicial effects of which substantially outweigh its probative value. Yet we held in *Campbell v. Greer*, 831 F.2d 700, 705–07 (7th Cir.1987), decided before the trial of this case, that Rule 403 is inapplicable to Rule 609(a)(2). On appeal, Altobello has abandoned Rule 403, and argues instead that Borden was obliged to show that the specific acts of meter tampering for which he was convicted involved dishonesty in the sense of a deceptive act—that, in an older jargon, the crime of which he was convicted was *crimen falsi*. He first made this argument in this court, so we are not obliged to consider it; it has been waived. We would not reverse the judgment against Altobello on the basis of an argument that he had waived, but it may be helpful to future litigants to point out that, in any event, the argument is without merit.

Altobello's argument begins with the proposition that unless Borden is required to show that the specific acts for which Altobello was convicted involved dishonesty in the sense of deception, subsection (a)(2) of Rule 609 would swallow up (a)(1), making *any* misdemeanor conviction—any conviction, period—usable for impeachment regardless of how prejudice and probative

value balanced out; for every crime is in a sense a dishonest act and 609(a)(2) contains no balancing test. But although acquisitive crimes are indeed dishonest, not all crimes are acquisitive, and those that are not are not "dishonest" unless honest and law-abiding are treated as synonyms. A man who kills his wife's lover *in flagrante delicto* is violent and lawless, but not necessarily dishonest as that word is normally understood, and there may be less reason to expect him to lie on the stand in a suit unrelated to his crime than to expect a lesser criminal, but one who has a history of seeking to enrich himself at others' expense, to lie on the stand.

The suggestion in short is that greed or *pleonexia* (wanting more than your fair share) is more highly correlated with willingness or propensity to lie under oath than wrath or passion is. Well, maybe; but a more plausible distinction—and the one that most courts have accepted (see the thorough discussion in 3 Weinstein's Evidence ¶ 609[04] (1987)) is between crimes that do not involve an element of deception and crimes that do. (This court has ducked the issue so far. *See United States v. Byrd*, 771 F.2d 215, 219 (7th Cir.1985).) It seems plausible (no stronger statement is possible) that a person who has used deceit to commit a crime is more likely than either another type of criminal or a law-abiding person to perceive the witness stand as an attractive site for further deceit—especially when as in this case he is a party to the suit in which he is testifying.

■ In the case of some crimes, such as perjury, deceit is an element of the crime; conviction of the crime therefore imports the use of deceit. In the case of other crimes, deceit is not an element, but the manner in which the witness committed the offense may have involved deceit, and if that is shown the conviction is admissible under Rule 609(a)(2). So at least the courts have frequently stated, though only in dicta. See, e.g., *United States v. Yeo*, 739 F.2d 385 (8th Cir.1984); *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir.1982); *United States v. Seamster*, 568 F.2d 188, 191 (10th Cir.1978). We agree with those

dicta. The trial judge must not allow himself to be sidetracked into the details of the earlier conviction, but where as in this case the deceitful nature of the crime is admitted or is plain on the face of the indictment of other official record, the fact that the same type of offense can be committed in a manner not involving deceit does not make the conviction inadmissible.

Altobello was convicted of a crime in the second category—the category of crimes that may or may not involve deceit, depending on the circumstances. In Altobello's case it was misdemeanor theft, which can be committed by obtaining property through deception, but alternatively by obtaining it through threat or force, or by receiving stolen property. See Ill.Rev.Stat. ch. 38, ¶ 16–1.

Which was it here? All the record discloses on this score is "tampering with electric meters of Commonwealth Edison." Apparently what happened is that Altobello helped several McDonald's franchisees in the Chicago area to alter the electric meters in their restaurants, in order to reduce their electric bills; but this was only told to us at argument and the record is limited to the bare question asked him at trial, to an unilluminating sidebar discussion of admissibility, and to the indictment, which is no more informative. There was nevertheless an adequate foundation for the admission of the conviction. An electric meter is not like a vending machine or a pay telephone, which you can jimmy to get out the coins. Tampering with an electric meter means altering the meter so that it records less use than the user is actually making of it. Meter tampering is *necessarily* a crime of deception; the goal is *always* to deceive the meter reader. It is therefore securely within the scope of Rule 609(a)(2).

The other errors claimed by Altobello are signally devoid of merit and require no discussion. The judgment is

AFFIRMED.