STATE of Minnesota, Respondent,

v.

Justin Nicholas ROSS, Appellant.

No. CX–91–2365.

Supreme Court of Minnesota.

Oct. 30, 1992.

John M. Stuart, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Darrell C. Hill, Asst. Ramsey County Atty, St. Paul, for respondent.

GARDEBRING, Justice.

In its unpublished decision in this case, the court of appeals affirmed defendant's conviction of aggravated robbery over his contentions that the evidence identifying him as the offender was legally insufficient and that he was deprived of a fair trial. The latter argument concerned the trial court's ruling that if defendant elected to testify, his credibility could be impeached

by his prior conviction for burglary. The court of appeals, as it had on earlier occasions,[1] ruled that burglary is a crime involving "dishonesty or false statement" and therefore, under Minn.R.Evid. 609(a)(2), automatically admissible for impeachment purposes.[2]

The difficulty in determining whether a particular crime falls under Minn.R.Evid. 609(a)(2) lies not in just the *type* of crime committed, but also in the *manner* in which the crime is carried out. We consider Judge Posner's analysis in *Altobello v. Borden Confectionary Products, Inc.*, very instructive in delineating this distinction as well as for exploring the rationale for Fed.R.Evid. 609(a)(2) exception for "crimes that involve dishonesty or false statement." Posner writes:

> [A]lthough acquisitive crimes are indeed dishonest, not all crimes are acquisitive, and those that are not are not "dishonest" unless honest and law-abiding are treated as synonyms. A man who kills his wife's lover *in flagrante delicto* is violent and lawless, but not necessarily dishonest as that word is normally understood, and there may be less reason to expect him to lie on the stand in a suit unrelated to his crime than to expect a lesser criminal, but one who has a history of seeking to enrich himself at others' expense, to lie on the stand.
>
> The suggestion in short is that greed or *pleonexia* (wanting more than your fair share) is more highly correlated with willingness or propensity to lie under oath than wrath or passion is. Well, maybe; but a more plausible distinction * * * is between crimes that do not involve an element of deception and crimes that do. * * * It seems plausible (no stronger statement is possible) that a person who has used *deceit* to commit a crime is *more likely than either another type of criminal or a law-abiding person to perceive the witness stand as an attractive site for further deceit—especially when as in this case he is a party to the suit in which he is testifying.*
>
> In the case of some crimes, such as perjury, deceit is an element of the crime; conviction of the crime therefore imports the use of deceit. In the case of other crimes, deceit is not an element, *but the manner in which the witness committed the offense may have involved deceit, and if that is shown the conviction is admissible under Rule 609(a)(2).* * * * The trial judge must not allow himself to be sidetracked into the details of the earlier conviction, but where as in this case the deceitful nature of the crime is admitted or is plain on the face of the indictment or other official record, the fact that the same type of offense can be committed in a manner not involving deceit does not make the conviction inadmissible.

*Altobello v. Borden Confectionary Products, Inc.*, 872 F.2d 215, 216–17 (7th Cir. 1989) (emphasis added).

■ If we hold that burglary is not a crime directly involving "dishonesty or false statement," it does not mean that the trial court erred in ruling the burglary conviction could be used to impeach petitioner if defendant testified, nor does it mean that prior convictions for burglary generally may not be used to impeach a witness' credibility. Burglary convictions, like those for other offenses not directly involving "dishonesty or false statement" (*e.g.*, robbery), may properly be admitted for impeachment purposes in appropriate cases under the balancing test of Rule 609(a)(1).[3]

**1.** See *Schmitz v. Stransky*, 454 N.W.2d 455, 460 (Minn.App.1990), *pet. for rev. denied* (Minn. 1990), and *Laughnan v. State*, 404 N.W.2d 326, 330 (Minn.App.1987), *pet. for rev. denied* (Minn. 1987).

**2.** There are cases in other jurisdictions on both sides of the issue. For some of the federal cases, *see* Annot., 39 A.L.R.Fed. 570, § 15 (1978) and (Supp.1992).

**3.** See *State v. Jones*, 271 N.W.2d 534 (Minn. 1978), and the many cases following *Jones* in which we have given considerable deference to trial court rulings under Rule 609(a)(1).

However, we must agree with defendant's limited contention [4] that burglary is not a crime directly involving "dishonesty or false statement" and thus, the court of appeals erred in holding the burglary conviction was *automatically* admissible for impeachment purposes if defendant testified. However, we must differ with the conclusion that, as a result of the trial court's ruling, defendant is entitled to a new trial. Initially, it is clear that the court could have admitted the conviction for impeachment purposes under the balancing approach of Rule 609(a)(1). Moreover, the trial court also admitted petitioner's two other convictions and defendant challenges neither of those rulings on appeal. Consequently, we are satisfied that any error by the trial court in its reasoning was without practical consequence to defendant and was, at most, harmless error.

Affirmed as modified.

---

**4.** In its ruling, the trial court informed defendant that if he took the stand in his defense, in addition to the burglary conviction, the court would, for impeachment purposes, allow in his convictions for issuing a worthless check and theft by check. In this appeal, defendant challenges only the trial court's ruling with respect to the burglary conviction. Accordingly, we express no opinion on the correctness of the trial court's ruling with respect to these other convictions. *Compare State v. Darveaux,* 318 N.W.2d 44, 48 (Minn.1982) (holding that theft by shoplifting is not a crime directly involving "dishonesty or false statement"), with *State v. Norris,* 428 N.W.2d 61, 71 (Minn.1988) (holding that a conviction of theft by swindle is a crime directly involving "dishonesty or false statement").