STATE of Minnesota, Respondent,

v.

Melvin O'Neal SIMS, Appellant.

No. C7–94–667.

Supreme Court of Minnesota.

Dec. 23, 1994.

*ORDER*

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of Melvin O'Neal Sims for further review of the unpublished decision of the court of appeals affirming his convictions of and sentences for three counts of assault with a dangerous weapon in the above-entitled matter be, and the same is, denied. However, in the interests of preventing future error, we note that the court of appeals' analysis of the issue of impeachment use of prior convictions could mislead trial courts.

Minn.R.Evid. 609(a) provides that a prior conviction for *any* crime directly involving dishonesty or false statement is automatically admissible for impeachment purposes; it provides for discretionary admission of prior convictions for crimes not involving dishonesty or false statement if the crimes are felonies and if the trial court determines the probative value of the evidence outweighs the prejudicial effects. The defendant in this case had multiple prior felony convictions of aggravated robbery, one prior felony conviction of simple robbery, and a gross misdemeanor theft conviction. The trial court engaged in discretionary balancing—*see State v. Jones*, 271 N.W.2d 534 (Minn.1978), among many decisions—in ruling that the prior felony convictions could be used if defendant testified. It ruled that the gross misdemeanor theft conviction was automatically admissible as one involving dishonesty.

We agree with the court of appeals' conclusion that defendant is not entitled to a new trial on this ground. However, we disagree with the court of appeals' analysis. With respect to the robbery convictions, the court of appeals, citing one of its own decisions, said that robbery and aggravated robbery directly involve dishonesty or false statement and therefore the convictions for those offenses were automatically admissible. Alternatively, the court said that the convictions for robbery and simple robbery were properly admitted in the trial court's discre-

tion. We agree with the alternative basis for admission. However, the court erred in saying that the offense of robbery or aggravated robbery is one involving dishonesty or false statement. *See State v. Ross*, 491 N.W.2d 658, 569 (Minn.1992) [holding that burglary convictions are "like those for other offenses not directly involving 'dishonesty or false statement' (*e.g.*, robbery)" and therefore are not automatically admissible but are admissible in the trial court's discretion under Rule 609(a)(1) ].

■ The court of appeals also held that the gross misdemeanor theft conviction was for a crime directly involving dishonesty or false statement. That may or may not be so, depending on what kind of act of thievery was involved: if the prior conviction was based on an act of shoplifting, *e.g.*, then it was not for a crime directly involving dishonesty or false statement, but if, for example, the prior conviction was for the act of swindle, then it was for a crime directly involving dishonesty or false statement. *Compare State v. Norris*, 428 N.W.2d 61, 71 (Minn. 1988) (theft by swindle is a crime of dishonesty or false statement) with *State v. Darveaux*, 318 N.W.2d 44, 48 (Minn.1982) (theft by shoplifting is not a crime of dishonesty or false statement). The trial court in this case, based on the arguments of counsel, determined that the prior gross misdemeanor theft conviction was for a kind of theft involving dishonesty. Even if that determination was not in fact justified, there was no harm in this case because the other prior convictions were independently and properly admissible and any error in admitting the gross misdemeanor theft conviction was harmless error beyond a reasonable doubt. *See State v. Ross*, 491 N.W.2d 658 (Minn.1992). Denied.

BY THE COURT:

/s/ Alexander M. Keith
Chief Justice